IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TERRY FOSTER<br>3522 Walton Avenue<br>Cleveland, Ohio, 44113<br><br>    On behalf of himself and all<br>    others similarly-situated<br><br>                      Plaintiff,<br>    v.<br><br>ALL-POINTS CONSTRUCTION, LLC<br>c/o Bryce Suminguit, Statutory Agent<br>1237 Washington Avenue, Ste 1202<br>Cleveland, Ohio, 44113<br><br>       -and-<br><br>ALL-POINTS ROOFING, LLC<br>c/o Bryce Suminguit, Statutory Agent<br>1237 Washington Avenue, Ste 1202<br>Cleveland, Ohio, 44113<br><br>       -and-<br><br>BRYCE SUMINGUIT<br>1237 Washington Avenue, Ste 1202<br>Cleveland, Ohio, 44113<br><br>                     Defendants. | CASE NO.:<br><br>JUDGE<br><br><br>**COMPLAINT FOR VIOLATIONS<br>OF THE FAIR LABOR STANDARDS<br>ACT**<br><br><br>**(Jury Demand Endorsed Herein)** |

## INTRODUCTION

1. Defendants All-Points Construction, LLC, All-Points Roofing, LLC, and Bryce Suminguit ("Defendants") failed to pay Plaintiff Terry Foster and other similarly-situated employees overtime and at times, at least the applicable minimum wage. Accordingly, Defendants' conduct violated the Fair Labor Standards Act ("FLSA"), 29 U.S. Code §§ 206, 207. On behalf of himself and all other similarly situated employees, Foster brings this collective action for the recovery of unpaid minimum overtime wages under the FLSA, 29 U.S.C. §

1

216(b). Members of the collective action are referred to as the "**FLSA Collective Class Members**." Foster also brings individual claims under the FLSA and the Ohio Minimum Fair Wage Standards Act ("OMFWSA") for unlawful retaliation; failure to pay minimum wage; and for violations of Ohio's Prompt Pay Act ("OPPA").

## PARTIES.

2. Foster is an individual residing in Cuyahoga County, Ohio. Foster performed work for Defendants within the last three years for which he was not paid overtime wages and the minimum wages guaranteed by the FLSA. Foster's signed consent to sue form will be filed within the next twenty-one (21) days.

3. The FLSA Collective Class Members are all current and former workers, laborers, and/or other hourly employees in substantially similar positions and/or with similar job titles, that worked for Defendants at any time during the three-year period before the filing of this Complaint to present who were not paid all wages, including overtime and minimum wages due.

4. All-Points Construction, LLC is a for-profit corporation organized under the laws of the State of Ohio, and who maintains offices in Cleveland, Ohio, and whom operates in Ohio.

5. All-Points Roofing, LLC is a for-profit corporation organized under the laws of the State of Ohio, and who maintains offices in Cleveland, Ohio, and whom operates in Ohio.

6. Suminguit is and was at all times referenced herein the president, co-owner, and/or principal of All-Points Construction, LLC and All-Points Roofing, LLC (hereinafter, "Foster").

7. At all times referenced herein, the All-Points Companies jointly employed Foster and the putative class, in that Foster and those similarly situated performed work for both companies; both companies, through Suminguit, maintained the power to hire and fire Foster and those similarly situated; both companies, through Suminguit, could and did controls the work schedules and conditions of employment of Foster and those similarly situated to a

2

substantial degree; both companies, through Suminguit, determined the rate and method by which Foster and those similarly situated were paid; and both companies maintained employment records for Foster and those similarly situated.

8. At all times referenced herein, Suminguit supervised and/or controlled Foster and the putative class' employment with the All-Point Companies, controlled the day to day operations of the All-Points Companies, to include their compensation policies and practices, and acted directly or indirectly in the interest of the All-Points Companies in relation to its employees, and was an employer within the meaning of section 3(d) of the FLSA and the Ohio Minimum Fair Wage Standards Act ("OMFWSA").

## **PERSONAL JURISDICTION.**

9. Defendants hire citizens of the state of Ohio, contract with companies in Ohio, and own or rent property in Ohio. As such, the exercise of personal jurisdiction over Defendants comports with due process.

10. Foster and those similarly-situated performed work in this judicial district, were paid unlawfully by Defendants pursuant to work performed in this district and/or were hired out of this district.

11. This cause of action arose from or relates to the contacts of Defendants with Ohio residents, thereby conferring specific jurisdiction over Defendants.

## **SUBJECT MATTER JURISDICTION AND VENUE.**

12. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

13. Venue is proper in this District because Defendants do a sizeable portion of their business in this District, and many of the wrongs herein alleged occurred in this District.

## FLSA COVERAGE.

14. At all times referenced herein, Foster were an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r) and formed a single enterprise engaged in commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1) and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that enterprise had an annual gross volume of sales made or business done of not less than $500,000.00.

15. At all times material to the Complaint, Foster and those similarly-situated directly participated in the actual movement of things in interstate commerce and were individually covered under the FLSA

## STATEMENT OF FACTS.

### (Facts Relating To Foster's Employment With Defendants).

16. Defendants operate a construction and roofing business that operates throughout Ohio and in other states.

17. Foster is a former employee of Defendants.

18. Foster was hired by Defendants on or around November 11, 2019 as a laborer.

19. As a laborer, Foster performed manual labor at various job sites for the All-Points Companies.

20. At all times referenced herein, Foster was paid on an hourly basis.

21. Defendants paid Foster $6.00 per hour through a payroll check and $10.00 per hour in cash.

22. Defendants paid Foster part of his wages in cash to avoid paying taxes.

23. Defendants referred to the cash they paid Foster as "side pay."

24. Foster regularly worked in excess of 40 hours per week but was not paid overtime.

25. From November 13, 2019 through November 19, 2019, Foster worked 48.5 hours.

26. Foster was not paid any overtime for the 8.5 hours of overtime he worked from November 13, 2019 through November 19, 2019:



27. Foster worked 65.5 hours during the week of November 20, 2019 and was paid a total of $1048.00 based on a flat rate of $16.00 per hour.

28. Foster should have been paid 25.5 hours of overtime for the overtime he worked during the week of November 20, 2019 at a rate of $24.00 per hour.

29. Foster continued to work for Defendants until December 8, 2019.

30. Foster continued to work in excess of 40 hours per week until December 8, 2019.

31. Defendants failed to pay Foster for the workweeks running from November 27, 2019 through December 8, 2019.

32. Foster complained to Suminguit multiple times, both verbally and through text messages, about not being paid.

5

33. For example, on November 29, 2019, Foster complained to Suminguit by text message that it was "illegal" for Suminguit to not pay overtime:



34. On December 8, 2019, Foster reported to the work site he was assigned to ("Work Site").

35. Upon arriving at the Work Site, Foster approached the foreman on site and complained that he had not been paid.

36. The foreman responded to Foster's complaint about not being paid by calling Suminguit and asking him to speak with Foster about his pay.

37. The foreman handed Foster the phone, and Foster spoke with Suminguit ("Phone Call").

38. Suminguit began the phone call by trying to guilt Foster about how "good" he had it working for All-Point, but quickly began yelling at Foster.

39. Foster told Suminguit he did not think he should have to work until his pay was "caught up."

40. Suminguit responded to Forster's complaint that he should not have to work until he was paid by screaming profanities at Foster and telling him "get off my property or I will call the police and trespass you!!", terminating Foster.

41. Defendants terminated Foster because he made protected complaints under the FLSA and the OMFWSA.

6

42. At all times referenced herein, Defendants withheld "taxes" from the portion of Foster's pay that was paid by check.

43. Foster never received any tax forms from Defendants for the 2019 tax year.

44. Upon information and belief, Defendants did not actually remit any "taxes" withheld from Foster's pay to any taxing authority, and instead kept the withheld pay for themselves.

## FLSA COLLECTIVE ACTION ALLEGATIONS

45. Foster incorporates by reference the allegations in the preceding paragraphs.

46. Defendants employ general laborers and other hourly employees like Foster to perform the construction, remodeling, and roofing services offered by Defendants.

47. Foster brings this as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all similarly-situated individuals who are part of the following class:

> All current and former laborers and others employed in substantially similar positions who worked for Defendants at any time during the three-year period before the filing of this Complaint to present and were paid on an hourly basis.

48. Defendants did not pay FLSA Collective Class Members overtime.

49. Upon information and belief, Defendants unlawfully withheld pay from FLSA Collective Class Members just as they did to Foster, resulting in the non-payment of at least the minimum wage.

50. Collective Action treatment of Foster's FLSA claim is appropriate because Foster and the FLSA Collective Class Members have been subjected to the common business practices referenced in paragraph 48-49, *supra*, and the success of their claims depends on the resolution of common issues of law and fact, including, *inter alia*, whether Defendants' enterprise-wide practices failed to properly compensate the FLSA Collective Class Members for all hours worked.

## COUNT I: FAILURE TO PAY OVERTIME IN VIOLATION OF THE FLSA, 29 U.S.C. § 206.

51. Foster restates each and every prior paragraph of this Complaint, as if it were fully restated herein and further alleges as follows:

52. The FLSA requires each covered employer such as Defendants to compensate all non-exempt employees at a rate of not less than 1.5 times the regular rate of pay for work performed in excess of 40 hours in a work week.

53. Foster and those similarly situated were not exempt from the right to receive overtime pay under the FLSA during their respective periods of employment with Defendants.

54. Foster and those similarly-situated were entitled to be paid overtime compensation for all overtime hours worked.

55. At all times relevant to this Complaint, Defendants had a policy and practice of failing and refusing to pay their employees overtime pay.

56. As a result of Defendants' failure to properly compensate Foster and those similarly-situated overtime for all work performed in excess of 40 hours in a work week, Defendants violated the FLSA, 29 U.S.C. §§ 201 et. seq., including 29 U.S.C. § 207(a)(1) and § 215(a).

57. Defendants' failure and refusal to pay Foster and those similarly-situated overtime wages was willful and intentional.

58. Defendants did not have and could not have had a good faith belief that failing to pay overtime was compliant with the FLSA.

59. Foster and those similarly-situated are entitled to all legal and equitable remedies available for violations of the FLSA, including, but not limited to, back pay, liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and litigation costs, and other compensation pursuant to the FLSA.

## COUNT II: FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF THE FLSA, 29 U.S.C. § 207.

60. Foster restates each and every prior paragraph of this Complaint, as if it were fully restated herein and further alleges as follows:

61. Section 6 of the FLSA, 29 U.S.C. § 206, establishes the right to be paid minimum wages.

62. At all times relevant to this action, Defendants willfully failed and refused to pay Foster and those similarly situated anything for the work they performed for Defendants during certain workweeks.

63. Foster and those similarly-situated were not exempt from the right to receive minimum wages under the FLSA during their respective periods of employment.

64. Foster and those similarly-situated are entitled to be paid at least the minimum wage for all hours they worked under 40 in a given week.

65. As a result of Defendants' failure to pay Foster and those similarly-situated at all for work they performed for Defendants during certain weeks, Defendants violated the FLSA, 29 U.S.C. §§ 201 et. seq., including 29 U.S.C. § 207(a)(1) and § 215(a).

66. Defendants' failure and refusal to pay Foster and those similarly-situated wages was willful and intentional.

67. Defendants did not have and could not have had a good faith belief that failing to pay any wages was compliant with the FLSA.

68. Foster and those similarly-situated are entitled to all legal and equitable remedies available for violations of the FLSA, including, but not limited to, back pay, liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and litigation costs, and other compensation pursuant to the FLSA.

**COUNT III: VIOLATION OF THE OHIO MINIMUM FAIR WAGE STANDARDS ACT, O.R.C. § 4111.03, *et seq*, BASED ON FAILURE TO PAY MINIMUM WAGE.**
**(Asserted By Foster Individually).**

69. Foster restates each and every prior paragraph of this Complaint, as if it were fully restated herein and further alleges as follows:

70. At all relevant times, Defendants have been, and continue to be, an "employer" within the meaning of the OMFWSA.

71. At all relevant times, Defendants have employed and continue to employ, "employees," within the meaning the OMFWSA.

72. Foster was an employee of Defendants as that term is defined by the OMFWSA.

73. The OMFWSA requires that covered employees be compensated for every hour worked in a workweek. See O.R.C. §§ 4111.01, et seq.

74. Defendant violated the OMFWSA with respect to Foster by, *inter alia*, failing to pay Foster the applicable minimum wage during his employment as an hourly worker.

75. Having violated the OMFWSA, Defendants are joint and severally liable to Foster pursuant to O.R.C. § 4111.10 for the full amount of his unpaid minimum wages, an equal amount in liquidated damages, and for costs and reasonable attorneys' fees.

**COUNT IV: VIOLATION OF THE OHIO MINIMUM FAIR WAGE STANDARDS ACT, O.R.C. § 4111.03, *et seq*, BASED ON FAILURE TO PAY OVERTIME.**
**(Asserted By Foster Individually).**

76. Foster restates each and every prior paragraph of this Complaint, as if it were fully restated herein and further alleges as follows:

77. At all relevant times, Defendants have been, and continue to be, an "employer" within the meaning of the OMFWSA.

78. At all relevant times, Defendants have employed and continue to employ, "employees," within the meaning the OMFWSA.

79. Foster was an employee of Defendants as that term is defined by the OMFWSA.

80. Ohio R.C. § 4111.03 provides that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty hours in one workweek, in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the [FLSA]…"

81. Defendants failed to pay Foster overtime for hours she worked in excess of 40 per week.

82. In denying Foster overtime compensation, Defendants violated the OMFWSA and Article II, Section 34a of the Ohio Constitution.

83. As a direct and proximate result of Defendants' unlawful conduct, Foster has suffered and will continue to suffer a loss of income and other damages.

84. Having violated the OMFWSA, Defendants are joint and severally liable to Foster pursuant to O.R.C. § 4111.10 for the full amount of his unpaid overtime and for costs and reasonable attorneys' fees.

### COUNT V: UNLAWFUL RETALIATION IN VIOLATION OF 29 U.S.C. § 215(A)(3). (Asserted By Foster Individually).

85. Foster restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

86. Within days of Foster's complaint about Defendants' overtime practices and refusal to participate in their unlawful scheme to deprive hourly workers of overtime, Defendants terminated Foster.

87. Pursuant to 29 U.S.C. § 215(a)(3), it is unlawful for an employer to retaliate against an employee who seeks to enforce his rights under the FLSA.

88. Defendants violated 29 U.S.C. § 215(a)(3) of the FLSA and showed reckless disregard of the provisions of the FLSA concerning retaliation by terminating Foster because he complained about missing overtime hours.

89. As a result of Defendants' deliberate, unlawful, and malicious acts as set forth above, Foster has suffered loss of earnings, earnings potential, raises, other significant economic benefits.

### COUNT VI: UNLAWFUL RETALITION BASED ON PROTECTED WAGE COMPLAINTS IN VIOLATION OF ARTICLE II, SECTION 34A OF THE OHIO CONSTITUTION.
### (Asserted By Foster Individually).

90. Foster restates each and every prior paragraph of this Complaint as if it were fully restated herein.

91. Pursuant to Article II, Section 34a of the Ohio Constitution, "[n]o employer shall discharge or in any other manner discriminate or retaliate against an employee for exercising any right under this section or any law or regulation implementing its provisions or against any person for providing assistance to an employee or information regarding the same."

92. Defendants' termination of Foster in response to his complaint about Defendants' unlawful pay practices violated of Article II, Section 34a of the Ohio Constitution.

93. By reason of the foregoing acts of Defendants, Foster has suffered economic and non-economic damages and has suffered from emotional distress.

94. Pursuant to O.R.C § 4111.14(J), Foster is entitled to "an amount set by the state or court sufficient to compensate the employee and deter future violations, but not less than one hundred fifty dollars for each day that the violation continued," his attorneys fees, and the costs of this action.

### COUNT VII:  VIOLATION OF THE OHIO PROMPT PAYMENT ACT, O.R.C. § 4113.51.
### (Asserted Against The All-Points Companies Only By Foster Individually).

95. Foster restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

96. The Ohio Prompt Pay Act ("OPPA") required the All-Points Companies to pay Foster all wages, including unpaid overtime, on or before the first day of each month, for wages earned

by Foster during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by Foster during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

97. Foster was not paid all wages due within 30 days of her performing the work that entitled him to wages. *See* R.C. §4113.15(B).

98. Foster unpaid wages remain unpaid for more than 30 days beyond his regularly scheduled payday.

99. Foster has been harmed and continues to be harmed by the All-Points Companies acts and/or omissions as described herein and is entitled to the greater of $200.00 or an additional six percent on the total amount of wages due. See O.R.C. § 4113.15(C).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Terry Foster respectfully request relief against Defendants as set forth below:

a. Designating this action as a collective action on behalf of Plaintiff and the Collective they represent pursuant to the Fair Labor Standards Act, issuing notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in Collective apprising them of the pendency of this action, which will permit them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. § 216(b), and equitably tolling the statute of limitations from the date of filing this Complaint until the expiration of the deadline for filing consent to sue forms pursuant to 29 U.S.C. § 216(b);

b. Designating Foster as the representative for the Collective;

c. Issuing a declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. §§ 201 *et seq*;

d. Awarding Plaintiff and the Collective unpaid minimum wages and unpaid overtime wages and an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

e. Awarding damages, including economic, non-economic, actual, general, special, incidental, statutory, punitive, treble, liquidated, and consequential to Foster in connection with his retaliation claim in an amount to be determined at trial;

f. Issuing an injunction prohibiting Defendants from continued unlawful practices, policies and patterns set forth herein;

g. Awarding pre-judgment and post-judgment interest as provided by law;

h.  Awarding reasonable attorneys' fees and costs; and

i.  Awarding such other and further relief that this Court deems appropriate.

Respectfully submitted,

*/s/Chris P. Wido*
Chris P. Wido (009044)
Samuel B. Robb (0099035)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Boulevard, Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax:   (216) 291-5744
Email: Chris.Wido@spitzlawfirm.com
Sam.Robb@spitzlawfirm.com

*Attorneys For Plaintiff Terry Foster*

## JURY DEMAND

Plaintiff Terry Foster demands a trial by jury on each claim asserted herein by the maximum number of jurors permitted.

*/s/Chris P. Wido*
Chris P. Wido (009044)
